# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KENNETH RAY BAILEY,

      **Plaintiff,**

      v.                                      CASE NO. 18-3108-SAC

BRIAN W. COLE, and
(FNU) BILBY,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Kenneth Ray Bailey brings this *pro se* civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was an inmate at the Shawnee County Detention Center in Topeka, Kansas ("SCDC"). The Court granted his motion to proceed *in forma pauperis*.

Plaintiff, an African American, alleges that he was being held at the annex building at SCDC for a probation violation on a misdemeanor theft case. The annex building houses a work release program separate from the main jail and at a lower custody level. On February 12, 2018, Plaintiff was relocated from the annex at SCDC to Z-Module and placed in a cell with an inmate that was a known security threat and a high-ranking member of the Aryan Brotherhood. Plaintiff alleges that this inmate has pending charges against him for aggravated battery against another African American male inmate for allegedly biting off the individual's nose, and was convicted of voluntary manslaughter for stabbing an individual to death. On February 12, 2018, Plaintiff was "attacked, ambushed, assaulted and stabbed" by this inmate. Plaintiff was taken to the emergency room due to his injuries. Plaintiff has since been removed from Z-Module. The Shawnee County Sheriff's Department investigated the assault and took pictures and statements.

1

Plaintiff names as Defendants: Brian W. Cole, Director of the SCDC; and (fnu) Bilby, classifications at SCDC. Plaintiff filed an action in small claims court in Shawnee County based on the same underlying facts as the instant § 1983 case. Plaintiff alleges that his damages are limited to $4000 in small claims court, so he is seeking additional damages in this case. Plaintiff's request for relief in this § 1983 action includes reclassification to the correct housing unit and $450,000 for "neglect."

On August 21, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC"), ordering Plaintiff to show cause why this case should not be dismissed due to the deficiencies discussed in the MOSC. In the MOSC, the Court notes that Plaintiff refers to his small claims court case in response to the question on his Complaint regarding administrative exhaustion. However, small claims court proceedings "d[o] not replace the [facility's] internal grievance system and do not satisfy the administrative remedies exhaustion requirement." *Gonyea v. Mink*, 206 F. App'x 745, 747 n.2 (10th Cir. 2006) (unpublished).

The Court found that the Complaint is subject to dismissal because Plaintiff acknowledges that he has not exhausted administrative remedies on his claims. Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 200) (citations omitted). This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004); *Little*, 607 F.3d at 1249. A prison or prison system's regulations define the steps a prisoner must take to properly exhaust administrative remedies and a prisoner "may only exhaust by following all of the steps laid out" therein. *Little*, 607 F.3d at 1249 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). An "inmate who begins the grievance process but does

not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The Court may dismiss sua sponte a prisoner complaint when it is clear on the face of the complaint that the prisoner has not exhausted administrative remedies. *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). In the MOSC, the Court gave Plaintiff the opportunity to show cause why his Complaint should not be dismissed for failure to exhaust administrative remedies. Plaintiff has failed to respond to the MOSC by the Court's deadline.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 21st day of September, 2018.**

                **s/ Sam A. Crow**
                **SAM A. CROW**
                **U.S. Senior District Judge**